IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal No. 12-cr-0639-JFM |
| CURTIS DANAHUE ABRAHAMS | : |
|     a.k.a. "BRIAN MARKFORD" | |
|     a.k.a. "PAUL ALLEN" | : |
|     a.k.a. "KEVIN PENDERGRASS" | |
|     a.k.a. "TRAVIS ROWSER" | : |
|     a.k.a. "ACE" | |
| GARFIELD MULLINGS | : |
|     a.k.a. "JIMMY LEE JEFFERY " | |
|     a.k.a. "KIRK JOHNSON" | : |
|     a.k.a. "RODNEY RICHARDSON" | |
|     a.k.a. "KUMA" | : |
| ONEIL JEROME FOSTER | |
|     a.k.a. "HARVEY GARVEY" | : |
|     a.k.a. "HENRY ORTIZ" | |
|     a.k.a. "SANCHEZ" | : |
|     a.k.a. "SANDMAN" | |
|     and | : |
| MARVIN BRYAN, | |
| | : |
|     Defendants | |

...oooOooo...

**MOTION FOR ORDER ALLOWING THE GOVERNMENT TO MAINTAIN
CUSTODY OF SEIZED PROPERTY PURSUANT TO
18 U.S.C. § 983(a)(3)(B)(ii)(II)**

The United States of America, by its counsel, moves for an order allowing the Government to maintain custody of property already in the Government's possession for forfeiture in this criminal case.  In support of its motion, the Government says the following:

1. On August 8, 2012, federal agents executing a search warrant at the

residence of Defendant Curtis Abrahams at 4732 Radford Ave., Unit 12, Valley Village, CA, seized an automobile titled in the name of Ava Williams, *viz.:* one 2010 Mercedes Benz GLK 350, VIN# WDCGG8HB1AF421894, based on probable cause to believe that it represented the proceeds of a drug trafficking offense and property involved in money laundering.  Ava Williams was present during the search and identified herself as the girlfriend of Curtis Abrahams.

     2. On August 10, 2010, the agents obtained and executed a state search warrant on a safe deposit box rented by Williams at the Wells Fargo Bank located at 12251 Ventura Blvd., Studio City, CA, and seized 13 items of men's and women's jewelry.   These items were also seized based on probable cause to believe that they represented the proceeds of drug trafficking and property involved in money laundering.  The search warrant is attached as Exhibit A.

     3. The seizing agency, Homeland Security Investigations (HSI), commenced administrative forfeiture proceedings against all of the seized items by sending notice of the Government's intent to forfeit them to Ava Williams pursuant to 18 U.S.C. § 983(a)(1).  On September 18, 2012, Williams filed a claim contesting the administrative forfeiture of the automobile and the 13 items of jewelry.

     4. Under 18 U.S.C. § 983(a)(3), the United States had 90 days from the filing of the claim in the administrative forfeiture proceeding to: 1) return the seized items; 2) commence a civil judicial forfeiture proceeding against the items;

3) commence a criminal forfeiture action containing an allegation that the seized items are subject to forfeiture, or 4) request an extension of time from the court. *United States v. Martin,* 662 F.3d 301, 304 (4th Cir. 2011).

     5. The Government pursued the third option.  On December 11, 2012, a grand jury returned the indictment in the instant case, setting forth the Government's intent to forfeit all proceeds of the drug conspiracy alleged in Count 1, and all property involved in the money laundering offenses alleged in the remaining counts.  In particular, the indictment alleged that the property subject to forfeiture included but was not limited to the 2010 Mercedes.  Thereafter, on December 17, 2012, the Government filed a bill of particulars listing the 13 items of jewelry as property subject to forfeiture as well.

     6. When the Government commences a criminal forfeiture action containing an allegation that certain property is subject to forfeiture, and the Government has already seized that property for administrative or civil forfeiture but does not commence a civil forfeiture action, the Government must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute."  18 U.S.C. § 983(a)(3)(B)(ii)(II).

     7. The applicable criminal forfeiture statute is 21 U.S.C. § 853.  Besides authorizing the issuance of criminal restraining orders and seizure warrants to preserve property for forfeiture, *see* 21 U.S.C. § 853(e) and (f), the statute also

empowers the Court to "take any other action to preserve the availability of the property . . . for forfeiture . . . ." 21 U.S.C. § 853(e)(1).

8. Here, the Government represents that it has taken the seized property into custody for the purpose of forfeiture and that it will preserve the seized property until the criminal case, including the criminal forfeiture proceedings, is resolved. Where the Government makes these express representations regarding property already in its custody, the only court order needed to "preserve [the Government's] right to maintain custody of the property" for the purposes of Section 983(a)(3)(B)(ii)(II) is a "housekeeping" order providing that the Government may continue to maintain custody of the seized asset until the criminal case is concluded. *See United States v. Scarmazzo*, 2007 WL 587183, *3 (E.D. Cal. 2007) (neither a seizure warrant nor a restraining order is appropriate when the property is already in the Government's possession; rather, all that is required is an order issued pursuant to section 853(e) directing the Government to continue to maintain its custody of the property); *United States v. Standridge*, 2007 WL 2572207, *3 (M.D. Fla. 2007) (court grants Government's motion seeking permission to maintain custody of property seized with a civil seizure warrant so that it can pursue criminal forfeiture); *In re 2000 White Mercedes ML320*, 220 F. Supp. 2d 1322, 1326 n.5 (M.D. Fla. 2001) (same).

9. Ava Williams, as a non-defendant claimant to the seized items, will have an opportunity to contest the forfeiture at the conclusion of the criminal case,

assuming a forfeiture order is entered, pursuant to 21 U.S.C. §§ 853(k) and (n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure.  *See United States v. Holy Land Found. for Relief & Dev.*, 493 F.3d 469, 477 (5th Cir. 2007) (*en banc*) (section 853(k) ensures an orderly process that relieves the Government of the burden of having to defend the forfeiture against third party claims during an ongoing prosecution while protecting the third party's right to a day in court in the ancillary proceeding; this procedure does not violate the third party's right to due process); *United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007) (forcing a third party to wait until the ancillary proceeding to contest a forfeiture, rather than granting an immediate hearing on a motion to vacate a seizure pursuant to section 853(f), does not violate the third party's right to due process).

WHEREFORE, the United States respectfully requests that this court issue an order under 21 U.S.C. § 853(e)(1) directing that the Government may maintain custody of the items listed in the indictment and the bill of particulars through the conclusion of the pending criminal case, and expressly stating that this order satisfies the custody-preservation requirements of Section 983(a)(3)(B)(ii)(II).

        Respectfully submitted,

        Rod J. Rosenstein
        United States Attorney

By:_____/s/_____
        Stefan D. Cassella
        Mushtaq Gunja
        Assistant United States Attorneys
        36 South Charles Street, Fourth Floor
        Baltimore, Maryland 21201
        (410) 209-4800