IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

UNITED STATES OF AMERICA :

v. : Criminal No. 12-cr-0639-JFM

CURTIS DANAHUE ABRAHAMS :
   a.k.a. "BRIAN MARKFORD"
   a.k.a. "PAUL ALLEN" :
   a.k.a. "KEVIN PENDERGRASS"
   a.k.a. "TRAVIS ROWSER" :
   a.k.a. "ACE,"
                        :
   Defendant

...oooOooo...

## CONSENT ORDER OF FORFEITURE

WHEREAS, the defendant, CURTIS ABRAHAMS, has pled guilty to Count One of the Indictment charging him with conspiracy to distribute and possess with intent to distribute one hundred kilograms or more of marijuana in violation of 21 U.S.C. § 846;

WHEREAS, pursuant to his plea agreement, the defendant agreed to forfeit all property derived from or used to commit his offense, including but not limited to a sum of money equal to the gross proceeds obtained directly and indirectly by him and his co-conspirators, for which amount the defendant and each of the co-conspirators are jointly and severally liable;

WHEREAS, pursuant to 21 U.S.C. § 853(a) and 28 U.S.C. § 2461(c) the court is required to order the defendant to forfeit to the United States any property derived from or used to facilitate the offense;

WHEREAS, the Government has not yet calculated the amount of the money judgment representing the proceeds of the conspiracy for which the defendant and all co-defendants will be jointly and severally liable, nor (except as set forth herein) has it located specific assets traceable to the offense or forfeitable as substitute assets pursuant to 21 U.S.C. § 853(p);

WHEREAS, Rule 32.2(b)(2)(C) provides that in cases where the court cannot identify the specific property subject to forfeiture or calculate the total amount of the money judgment prior to sentencing, the court may issue an order of forfeiture describing the property in general terms, subject to amendment pursuant to Rule 32.2(e)(1) when the specific property is identified or the amount of the money judgment has been calculated; and

WHEREAS, the defendant agrees that entry of this order shall be made a part of the sentence in or out of the presence of the defendant and be included in the judgment in this case without further order of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 3554, 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, all property derived from

or used to commit or to facilitate the commission of the offense for which the defendant has been convicted is hereby forfeited to the United States. The defendant shall be jointly and severally liable along with all other persons convicted of the same offense to pay any money judgment entered by the court when the amount of proceeds of the offense is determined.

2. In particular, the following specific assets are forfeited to the United States:

- A. $413,000 in U.S. Currency intercepted and seized by law enforcement authorities on or about January 12, 2012 in the State of Indiana as it was being shipped from Maryland to California;

- B. One 2010 Mercedes GLK VIN WDCGG8HB1AF421894;

- C. The items of jewelry seized on August 10, 2012, from a safe deposit box at the Wells Fargo Bank branch at 12251 Ventura Blvd, Studio City, California under account number ****2377, listed in the Bill of Particulars attached as Schedule A.

- D. The following electronic items which were seized from the defendant's residence at 4732 Radford Ave., Apt. 12, North Hollywood, CA, on or about August 8, 2012.:

    BLACKBERRY 9530 A0000000070359
    NOKIA E71-2 352925022097788
    LG CELL PHONE 108KPQJ202676
    MOTOROLA CELLPHONE 001700105556710
    KYOCERA S2100 IVQ82602M00381
    BLACKBERRY 9780 354260041004641

        SONY ERICSSON CYBERSHOT CBJA1755FL (camera)
        SONY CYBERSHOT 506858 (camera)
        SONY HANDYCAM 126295 (video camera)
        APPLE MACBOOK PRO COMPUTER
        HP LAPTOP COMPUTER
        HP TOUCH SMART COMPUTER
        APPLE IPAD
        APPLE IPOD
        APPLE IPOD
        HARD DRIVE

      3. Pursuant to Rules 32.2(b)(2)(C) and (e)(1), the Government may move at any time to amend this order if additional specific property traceable to the offense or substitute assets have been identified, or if the amount of a money judgment has been calculated. To obtain the information necessary to file such a motion, the Government may, pursuant to Rule 32.2(b)(3) and 21 U.S.C. § 853(m), issue subpoenas duces tecum, conduct depositions, request the issuance of search warrants and the assistance of foreign Governments, and otherwise conduct whatever discovery is necessary to identify and locate property subject to forfeiture.

      4. Any motion filed pursuant to Rule 32.2(e)(1) to amend this order shall be served upon the defendant who shall have an opportunity to respond before any amendment to this order is entered by the court.

      5. To the extent that this order is entered in general terms pursuant to Rule 32.2(b)(2)(C), it is not necessary for the Government to publish notice of this order in accordance with 21 U.S.C. § 853(n) and Rule 32.2(c) at this time. To the extent that this order forfeits specific property to the United States, or if the order is later amended pursuant to Rule 32.2(e)(1) to include specific property, the United States

shall publish notice of the order and its intent to dispose of the forfeited property on the Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. See Rule 32.2(b)(6).

6. Any person, other than the above named defendant, asserting a legal interest in the forfeited property may, within thirty days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the forfeited property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

7. Any petition filed by a third party asserting an interest in the forfeited property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property the time and circumstances of the petitioner's acquisition of the right, title or interest in the forfeited property any additional facts supporting the petitioner's claim and the relief sought.

8. If a petition is filed by a third party – and after the disposition of any motion

filed under Fed. R. Criminal. P. 32.2(c)(1)(A) – the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues before the court holds a hearing on the petition.

9. The United States shall have clear title to the forfeited property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Criminal. P. 32.2(e).

11. Pursuant to Fed. R. Criminal. P. 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Criminal. P. 32.2(c)(2).

12. Insofar as this Order contains a judgment for a sum of money, the Defendant shall remain personally liable until the judgment is satisfied. The value of any directly forfeitable property that is forfeited as the proceeds of the offense shall be credited toward the satisfaction of the money judgment, but property forfeited as property used to commit or to facilitate the commission of the offense shall not be so credited.

13. The Clerk of the Court shall forward four certified copies of this order to

Assistant U.S. Attorney Stefan D. Cassella, U.S. Attorney's Office, Baltimore, Maryland.

Date: May 31, 2013

United States District Judge

WE ASK FOR THIS:

Assistant United States Attorney

Curtis Abrahams

Attorney for the Defendant Curtis Abrahams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIM. NO. JFM-12-0639 |
| CURTIS DANAHUE ABRAHAMS, ) | (UNDER SEAL) |
| *et al*, ) | |
| ) | |
| Defendants. ) | |

## BILL OF PARTICULARS FOR FORFEITURE OF PROPERTY

The United States of America, by and through Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney for said District, hereby files the following Bill of Particulars for Forfeiture of Property.

The Indictment, returned on December 11, 2012, seeks forfeiture of property pursuant to 21 U.S.C. § 853. The United States hereby gives notice pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure of its intent to seek the forfeiture of the following assets, which were all seized on August 10, 2012, from a safe deposit box at the Wells Fargo bank branch at 12251 Ventura Blvd., Studio City, CA, under account no. ******2377:

(1) 10k White Gold Men's Ring, 3.05ct in diamonds (VL: $1,600);

(2) 18k Yellow Gold Men's Ring, 2.84 ct in diamonds (VL: $2,250);

(3) 18k White Gold Men's Ring, 4ct in diamonds (VL: $3,200);

(4) 14k Yellow Gold Chain with Jesus Pendant, 3.28ct in diamonds (VL: $1,200);

(5) Men's Black Breitling Limited Edition Watch, 11.74ct in diamonds (VL: $11,300);

(6) Men's Stainless Steel Rolex, 3.5ct in diamonds (VL: $3,900);

(7) Men's Piguet Watch, 7.5ct in diamonds (VL: $7,200);

(8) Ferragamo White Plated Metal Cuff Bracelet (VL: $50);

(9) 10k White Gold Cross Necklace, 55.72ct in diamonds (VL: $9,900);

(10) 11k White Gold Men's Ring, 2.30ct in diamonds (VL: $660);

(11) 9k White Gold Tennis Bracelet, 33.25ct in diamonds (VL: $5,900);

(12) 14k Blackened White Gold earrings, 1.82ct in diamonds (VL: $455); and

(13) 14k Yellow Gold Bracelet, (VL: $320)

                        Respectfully submitted,

                        ROD J. ROSENSTEIN
                        UNITED STATES ATTORNEY

By:   *Stefan D. Cassella / ETS*
       Stefan D. Cassella
       Assistant United States Attorneys
       36 S. Charles St., 4th Fl.
       Baltimore, Maryland 21201
       410-209-4800